# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MICHELLE L. VALIER BOWMAN, BAR
NO. 11877.

No. 71568

**FILED**

SEP 11 2017



## *ORDER OF DISBARMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Michelle L. Valier Bowman be disbarred based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 1.16 (termination of representation), RPC 3.2 (expediting litigation), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Bowman committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Bowman failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Bowman

---

[1]During the investigation phase, after an initial responsive letter, Bowman failed to respond to the State Bar's numerous attempts to contact her via mail, email, and phone. The State Bar sent the bar complaint and a notice of intent to take a default to Bowman through regular and certified mail. The State Bar also informed Bowman via phone of the date

*continued on next page...*

17-30363

violated the above-referenced rules by failing to diligently or expeditiously pursue actions on behalf of her client, taking over $70,000 of her client's funds, abandoning her legal practice without informing her client that she was terminating her representation, and failing to cooperate with the bar investigation or proceeding.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Bowman violated duties owed to her client (diligence, communication, safekeeping property, terminating representation, and expediting litigation) and the profession (fees and failing to respond to lawful requests for information by a disciplinary authority). The conduct alleged in the complaint appears to have been knowing or intentional. Bowman's client suffered an actual injury because over $70,000 of the funds it entrusted to Bowman is gone and because many of its cases were closed or dismissed. Bowman's failure to cooperate in the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system.

---

*...continued*
and time for the hearing. The State Bar attempted to contact Bowman again telephonically a week before the hearing but was unable to get through. Bowman failed to appear at the hearing.

The baseline sanction for her misconduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2015) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."); *id.*, Standard 4.41 (indicating that disbarment is generally appropriate when "a lawyer abandons the practice and causes serious or potentially serious injury to a client" or "knowingly fails to perform services for a client and causes serious or potentially serious injury to a client" or "engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client").

The hearing panel found only one mitigating circumstance: no prior disciplinary record, SCR 102.5(2). We agree with the hearing panel that this single mitigating circumstance does not warrant discipline less than disbarment, particularly considering the numerous aggravating circumstances found by the panel (dishonest or selfish motive, pattern of misconduct, multiple offenses, obstruction of the disciplinary proceeding by intentionally failing to comply with rules or order, refusal to acknowledge the wrongful nature of conduct, and indifference to making restitution, SCR 102.5(1)).[2] While we are mindful that disbarment in Nevada is irrevocable, SCR 102(1), Bowman's egregious misconduct and her demonstrated indifference to the disciplinary proceedings indicate that

---

[2]The panel also found the vulnerability of the victim as an aggravating circumstance, but the basis for that finding is unclear as Bowman's client was a corporation. Thus, the vulnerable victim-aggravating factor did not affect our consideration of the recommended discipline.

disbarment is necessary in this instance to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

Accordingly, we disbar attorney Michelle L. Valier Bowman from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Bowman shall pay the costs of the disciplinary proceedings, including $3,000 under SCR 120, within 30 days of the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Chair, Southern Nevada Disciplinary Panel
     Michelle Valier Bowman
     C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court